IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2010

**STATE OF TENNESSEE v. GEORGE R. FYKE**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40601324, 40601453, 40701582, & 40701380      John H. Gasaway, III, Judge**

**No. M2009-01656-CCA-R3-CD - Filed June 29, 2010**

On April 5, 2007, the Defendant, George R. Fyke, pleaded guilty to four counts of forgery, one count of identity theft, and three counts of passing worthless checks. Pursuant to the terms of the plea agreement, he received an effective six-year sentence to be served in the Community Corrections Program for these convictions. Thereafter, on April 21, 2008, the Defendant pleaded guilty to one count of identity theft, one count of theft over $10,000, two counts of theft over $1,000, one count of attempted theft, and two counts of forgery. Also on that day, the Defendant admitted his violation of his April 2007 community corrections sentence. The trial court granted the Defendant a furlough to attend and complete a one-year rehabilitation program before sentencing. Following the Defendant's failure to complete the program, a sentencing hearing was held. The trial court ordered that the remainder of the Defendant's six-year sentence be served in confinement and, for the April 2008 convictions, imposed an effective eight-year sentence to be served on community corrections. On appeal, the Defendant argues that the trial court abused its discretion in ordering revocation of his community corrections sentence and that his eight-year sentence his excessive. After review, we affirm the sentencing decision of the trial court. However, we must remand for entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Roger E. Nell, District Public Defender; Sarah R. King, Assistant Public Defender; and Collier W. Goodlett, Assistant Public Defender, Clarksville, Tennessee, for the appellant, George R. Fyke.

Robert E. Cooper, Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; John W. Carney, District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee,

## OPINION

### Factual Background

On April 5, 2007, the Defendant entered pleas in two cases (Nos. 40601324 and 40601453). In Case No. 40601324, the Defendant was originally indicted for twenty-one counts (eighteen counts of forgery, two counts of identity theft, and one count of attempted theft of property in the amount of $83,439.00). Pursuant to the terms of the plea agreement, the Defendant, a Range I, standard offender, pleaded guilty to four counts of forgery and one count of identity theft. See Tenn. Code Ann. §§ 39-14-114, -150. The remaining charges were dismissed. He was sentenced to two years for the forgery convictions (service concurrent to each other) and three years for the identity theft conviction. The sentences for forgery and identity theft were to be served consecutively to one another for a total sentence of five years. His sentence was suspended, and he was placed in the Community Corrections Program. In Case No. 40601453, the Defendant was charged with thirteen counts of issuing or passing worthless checks. See Tenn. Code Ann. § 39-14-121. He pleaded guilty to three counts. He was sentenced to concurrent terms of eleven months and twenty-nine days for these three convictions. This sentence was to be served consecutively to Case No. 40601324 and in the Community Corrections Program.[1]

A community corrections violation warrant was issued on August 28, 2007, wherein it was alleged that the Defendant had failed to remain arrest free, failed to pay supervision fees and court costs, and failed to submit to DNA analysis testing. On April 21, 2008, he waived a hearing and admitted to the violations.

Also on April 21, 2008, he pleaded guilty in two additional cases (Nos. 40701380 and 40701582). In Case No. 40701380, the Defendant was originally indicted for seven counts (two counts of identity theft, four counts of theft, and one count of attempted theft). He entered pleas to one count of identity theft, one count of Class C felony theft, two counts of Class D felony theft, and one count of attempted theft over $60,000. See Tenn. Code Ann. § 39-14-103 (defining theft). In Case No. 40701582, the Defendant was charged with two counts of forgery and two counts of passing a forged document. He entered pleas to the two

---

[1] The court and the parties refer to the effective sentence as being six years. For purposes of brevity, we will do the same. However, we note that the actual sentence is five years, eleven months, and twenty-nine days.

counts of forgery, and the charges for passing a forged document were dismissed.[2]  In both cases, it was agreed that the Defendant was to be sentenced as a Range II, multiple offender after completion of a one-year in-patient rehabilitative program.  No further agreements were made as to length or manner of service.

On July 8, 2008, the trial court issued an order for furlough, allowing the Defendant to be released on a rehabilitative furlough to attend Synergy Program in Memphis.  Upon completion of the program, he was to return to the trial court for sentencing.

After the Defendant failed to complete the program, a sentencing hearing was held on July 7, 2009.  The presentence report was admitted into evidence at the outset of the hearing.  The thirty-two-year-old Defendant then testified on his own behalf.

The Defendant testified that he did not start getting into trouble until he was twenty-nine years of age when he "got with the wrong group of people and turned to the road of drugs."  He stated that he completed college, obtaining an engineering degree.  The Defendant admitted that he did not complete the Synergy Program, staying only eight and one-half months.  He explained that he was dismissed from the program because candy was found in his room, in violation of the rules.  However, according to the Defendant, the candy was to help control his diabetes when he would get home late after work, having missed dinner.  He said his previous counselor knew about the candy.  When asked what was different about him after participating in the drug program, the Defendant replied that there was "a lot of difference now," as he learned about his addiction and how it affected himself and others.  He stated that he was praying now, acknowledged his actions were wrong, and promised he would not "mess up anymore."  If released, he was going to reside with his mother, work full-time, and attend his "Masonic Lodge meetings" and church services.

On cross-examination, the Defendant admitted that he now had thirteen felony convictions.  He explained that the conduct in Case No. 40601324 involved purchases made with his mother's credit cards and that the conduct in Case No. 40701380 involved Haynes Chapel where he would buy things in the church's name.  In Case No. 40701582, the conduct again involved his mother.  In Case No. 40601453, the Defendant was required to make restitution to Hilltop Market, Sudden Service, CC's Pizza, and The Right Place.  He claimed that the Synergy Program rules were not difficult for him to follow and that he was a changed man.  However, he acknowledged that he was again being investigated for similar criminal conduct following his release from the program.

---

[2]  A judgment form was entered in count two for passing a forged instrument.  However, it is clear from the plea agreement that this charged was to be dismissed.  We remand for correction of the judgment to reflect dismissal.

At the conclusion of the hearing, the trial court revoked the Defendant's placement in the Community Corrections Program in the first two cases (Nos. 40601324 and 40601453) and ordered him to serve the remainder of his six-year sentence in the Department of Correction. In Case No. 40701380, the trial court imposed sentences of five years for the identity theft conviction, eight years for the Class C felony theft, five years for the two Class D felony thefts, and eight years for the attempted theft. These sentences were to be served concurrently with one another. In Case No. 40701582, the court sentenced the Defendant to three years for each forgery conviction, which sentences were to be served concurrently with one another and to the sentence in Case No. 40701380, resulting in an effective sentence of eight years as a Range II, multiple offender. The effective eight-year sentence was to be served consecutively to the six-year sentence from the first two cases. Service of this eight-year sentence was to be in the Community Corrections Program, following the Defendant's release from prison. It is from this sentencing determination that the Defendant now appeals.

## I. Revocation

On appeal, the Defendant contends that the trial court abused its discretion by revoking his community corrections sentence in Case Nos. 40601324 and 40601453. Specifically, he notes that the only reason his sentence was revoked was because candy was found in his room.

The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of the agreement. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The court may then resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum provided for the offense committed, less any time actually served in any community-based alternative to incarceration. See Tenn. Code Ann. § 40-36-106(e)(4); State v. Samuels, 44 S.W.3d 489, 493 (Tenn. 2001).

The proof of a community corrections violation need not be established beyond a reasonable doubt; it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. See Harkins, 811 S.W.2d at 82-83. When revoking a community corrections sentence, the trial court must place its findings of fact and the reasons for the revocation on the record. See Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973).

The Tennessee Supreme Court has held that an abuse of discretion standard of appellate review should be used to address the revocation of a community corrections sentence. See Harkins, 811 S.W.2d at 82-83. Before a reviewing court is warranted in finding an abuse of discretion in a community corrections revocation, it must be established that the record contains no substantial evidence to support the conclusion of the trial court that the defendant violated the terms of the community corrections program. See id.

-4-

The Defendant admitted that he did not complete the one-year rehabilitative program as ordered, being dismissed after eight and one-half months. His furlough was to attend and complete this program and, following his attendance in this program, he was to return to the trial court for sentencing. He was made no other promises as far as length or the manner of service. The Defendant was convicted of seven new felonies after his initial placement in the Community Corrections Program in Case Nos. 40601324 and 40601453. We conclude that the trial court did not abuse its discretion in finding that the Defendant violated the terms of his community corrections sentence. The Defendant was aware of the requirements of his community corrections sentence, and he failed to abide by the terms of his agreement.

Upon revoking the Defendant's placement in the Community Corrections Program, the trial court had to determine which sentencing alternative was appropriate for the Defendant. The trial court determined that the Defendant should be placed in confinement with the Department of Correction. We again conclude that the trial court did not abuse its discretion. The Defendant had demonstrated his unwillingness to comply with the terms of a sentence involving release in the community. Furthermore, the Defendant admitted he was being investigated on new charges. The Defendant's conduct entitled the trial court to conclude that the Defendant's potential for rehabilitation was less than promising. Accordingly, we conclude that the trial court did not abuse its discretion in ordering the Defendant to serve the remainder of his six-year sentence in confinement.

## II. Length

Next, the Defendant argues that his eight-year sentence in Case Nos. 40701380 and 40701582 is excessive. Specifically, the Defendant submits that the trial court erred by not considering the Defendant's chemical dependency in mitigation and that "[r]ehabilitation was reasonably feasible."

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of

correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

In these latter two cases, the Defendant was convicted of two Class C felonies, three Class D felonies, and two Class E felonies. As a Range II, multiple offender the Defendant's sentencing range was six to ten years for the Class C felonies, four to eight years for the Class D felonies, and two to four years for the Class E felonies. See Tenn. Code Ann. § 40-35-112(b). The trial court imposed mid-range sentences for each of the Defendant's convictions: eight years for the Class C felonies, five years for the Class D felonies, and three years for the Class E felonies.

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

In enhancing the Defendant's sentences, the trial court applied enhancement factor (13)—At the time the felony was committed, the Defendant was released on community corrections. See Tenn. Code Ann. § 40-35-114 (13). In "some" mitigation, the trial court found that the Defendant's conduct neither caused nor threatened serious bodily injury and that the Defendant entered guilty pleas obviating the need for a trial. See Tenn. Code Ann. § 40-35-113(1), (13).

The sentence imposed by the trial court is appropriate. The Defendant had previously pleaded guilty to five felonies and three misdemeanors and received a six-year sentence. That sentence was being served in the Community Corrections Program at the time he committed the instant offenses. In addition to the four cases at issue in this case, the presentence report reflects that the Defendant had also been convicted of obtaining drugs by fraud, driving under the influence, reckless endangerment, evading arrest, and "false pretense." Here, the Defendant was granted a furlough to attend a rehabilitative program, which he was unable to complete. The Defendant's criminal history and previous placement on community corrections support the trial court's decision. We conclude that the trial court did not err or abuse its discretion in enhancing the Defendant's sentences above the minimum in the range.

**Conclusion**

Based upon our review of the record, we conclude that the trial court did not abuse its discretion in ordering that the balance of the Defendant's six-year sentence be served in confinement and that the eight-year sentence as imposed is not excessive. The judgment of the Montgomery County Circuit Court is accordingly affirmed. However, we must remand solely for correction of the judgment form for passing a forged instrument, count two in Case No. 40701582, that charge having been dismissed under the terms of the plea agreement.

_____
DAVID H. WELLES, JUDGE